**UNITED STATES of America, Appellee,**

v.

**Bobby Ray RUFFIN, Appellant.**

**No. 92–3260.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 14, 1994.

Decided Dec. 9, 1994.

James R. Holloway, Asst. Federal Public Defender, argued the cause for appellant.

With him on the brief was A.J. Kramer, Federal Public Defender.

Lilly Ann Sanchez, Asst. U.S. Atty., argued the cause for appellee. With her on the brief were Eric H. Holder, Jr., U.S. Atty., John R. Fisher, Thomas J. Tourish, Jr., and Renee Y. Webb, Asst. U.S. Attys.

Before: WILLIAMS, GINSBURG, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The only serious question in this appeal from a criminal conviction is whether a district court commits reversible error by failing, *sua sponte*, to strike testimony regarding a defendant's "other crimes" (*see* FED. R.EVID. 404(b)) when, later in the trial, the court determines that the government had not supplied sufficient proof of the defendant's connection with those other crimes.

The facts paint a common and distressing picture. In a southeast Washington apartment, officers executing a search warrant found the defendant Ruffin; Lisa Robinson, the lessee; Ruffin's brother; a friend of Robinson's; six of Robinson's children (two by Ruffin); 86 grams of crack cocaine, most of which was packaged for sale; many small ziplock bags; a miniature scale; a ceramic dinner plate with cocaine residue on it; a .22 caliber magazine clip for a rifle; and five .32 caliber bullets. With the exception of one ziplock bag of cocaine, all of this evidence was in the apartment's only bedroom. The bullets and the clip were on the top shelf of a closet containing men's, women's and children's clothing, baby toys and a significant amount of the cocaine.

At Ruffin's trial for possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii), the government called the arresting officers to testify about what they had discovered in the apartment. Before asking about the ammunition and the rifle clip, the prosecutor—in compliance with *United States v. Bailey*, 505 F.2d 417 (D.C.Cir.1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350, 43 L.Ed.2d 438

(1975); *see United States v. Jenkins*, 928 F.2d 1175, 1180 (D.C.Cir.1991); FED.R.EVID. 103(c)—made a proffer outside the presence of the jury. Unauthorized possession of ammunition in the District of Columbia is an offense; possession of a rifle clip may be as well. D.C.CODE §§ 6–2311, 6–2361, & 6–2302(2), (9) (1994). Admission of testimony about these items therefore implicated Federal Rule of Evidence 404(b), which bars evidence of "other crimes" to "prove the character of a person in order to show action in conformity therewith," but recognizes that such evidence might be admissible for other purposes. In a brief exchange with the court, the prosecutor seemed to suggest that a later witness—Lisa Robinson—would tie Ruffin to the ammunition and the clip. The defense interposed an objection, without explaining its basis. After the prosecutor explained that because weapons are tools of the drug trade, Ruffin's possession of the tools would tend to show that he was in the trade (*see Jenkins*, 928 F.2d at 1180), the court overruled the objection. Thereafter several officers identified the ammunition and clip and testified about where in the apartment these and other articles had been located.

The prosecution then called Lisa Robinson. She admitted having been convicted in a separate trial for drug offenses stemming from the search. She said that Ruffin visited her apartment every day, had his own set of keys, often spent the night, and, with her permission, kept his personal belongings (including his drugs) there. On the day of the search, Robinson saw Ruffin cutting crack cocaine on a plate and packaging the pieces in "small bags sold as fifties." The prosecutor did not ask Robinson about the bullets or the clip.

At the close of the government's case-in-chief, and outside the jury's presence, the prosecutor began moving the government's exhibits into evidence. Defense counsel objected to admission of the ammunition and clip exhibits on the ground that the prosecution had not, as promised, elicited testimony from Robinson to show that the exhibits belonged to Ruffin. The court agreed and sustained the objection, stating that "there is no evidence linking [Ruffin] to those two

items of evidence...." What to do about the earlier testimony relating to the ammunition and the clip was not discussed.

Ruffin testified in his defense, denying that the cocaine in the apartment was his and denying each of Robinson's statements recounted above. Ruffin also called a witness who, on direct, said that Ruffin worked for him, but on cross could not recall when he did so prior to the search. In their closing arguments, neither the prosecution nor the defense referred to the testimony about the ammunition and the clip.

Ruffin does not dispute—and hardly could dispute in view of *Jenkins*, 928 F.2d at 1180—that because the testimony about the ammunition and the clip was not introduced to prove Ruffin's character, Federal Rule of Evidence 404(b) did not exclude it. The admissibility of the testimony was another question. In general, relevant evidence is admissible; irrelevant evidence is not. FED. R.EVID. 402. Here the prosecution, the defense, and the district court assumed that the relevancy of the "other crimes" testimony depended on the prosecution's showing, through Robinson, that the ammunition and the clip were Ruffin's. *Compare* Vaughn C. Ball, *The Myth of Conditional Relevancy*, 14 GA.L.REV. 435, 458–69 (1980). Their premise appears to have been that if these items did not belong to Ruffin, they did not prove "other crimes" by him and therefore had no bearing on any fact of consequence in the trial. *See* FED.R.EVID. 401.

*Huddleston v. United States*, 485 U.S. 681, 690, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988), establishes that under Federal Rule of Evidence 104(b), trial courts have "the broadest sort of discretion in controlling the order of proof at trial" and that a court may conditionally admit "other crimes" evidence subject to proof from which the jury reasonably could conclude, by a preponderance of the evidence, that the defendant committed the other crimes. *Huddleston* also holds that when evidence is admitted subject to proof of connection, and the proponent of the evidence fails to adduce such proof, "the trial court must instruct the jury to disregard the evidence." 485 U.S. at 690, 108 S.Ct. at 1501. Emphasizing the "must," Ruffin contends that the court's failure to give such an instruction or, in the alternative, to order a mistrial requires a reversal of his conviction.

■ If the district court correctly excluded the exhibits, an issue we do not decide, Ruffin surely would have been entitled—upon a motion by his counsel—to have the testimony about the exhibits struck and to have the jury instructed to disregard what the officers had said.[†] But it does not follow from *Huddleston* that the court was obligated to take these actions on its own, in the absence of a defense motion. Immediately before saying that "the trial court must instruct the jury to disregard the evidence," 485 U.S. at 690, 108 S.Ct. at 1501, the Chief Justice dropped the following footnote:

"When an item of evidence is conditionally relevant, it is often not possible for the offeror to prove the fact upon which the relevance is conditioned at the time the evidence is offered. In such cases, it is customary to permit him to introduce the evidence and 'connect it up' later. Rule 104(b) continues this practice, specifically authorizing the judge to admit the evidence 'subject to' proof of the preliminary fact. It is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; *the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition.*" 21 C. Wright & K. Graham, Federal Practice and Procedure

---

[†] Citing *United States v. Miller*, 895 F.2d 1431 (D.C.Cir.), *cert. denied*, 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990); *United States v. Lewis*, 693 F.2d 189 (D.C.Cir.1982); and *United States v. McClain*, 440 F.2d 241 (D.C.Cir.1971); *see also United States v. Copelin*, 996 F.2d 379 (D.C.Cir.1993), Ruffin also argues that the court's failure *sua sponte* "to give a curative limiting instruction amounts to plain error." An instruction of the sort Ruffin contemplates would have warned the jury to consider evidence regarding the ammunition and the clip only for some limited purpose (*see* FED.R.EVID. 105), the necessary assumption being that there was a proper purpose. Yet the district court's ruling excluding the exhibits rendered evidence about the ammunition and clip inadmissible for *any* purpose. Ruffin obviously supports that ruling; it was made at his behest.

§ 5054, pp. 269–270 (1977) (footnotes omitted).

*Huddleston,* 485 U.S. at 690 n. 7, 108 S.Ct. at 1501 n. 7 (italics added). The italicized portion of the footnote reflects the general rule, contained in Federal Rule of Evidence 103(a)(1), that "[e]rror may not be predicated upon an [evidentiary] ruling" unless a "timely ... motion to strike appears of record," a rule *Huddleston* could not have meant to abrogate. As a tactical matter, the defense may decide not to ask the court to strike evidence conditionally admitted earlier in the trial. The offending testimony may have been, in defense counsel's judgment, inconsequential. Why ask the court to restate previous testimony for the government and tell the jury to disregard it, when the only effect would be to remind the jury of something that, if left untouched, may have no impact? *See* ROBERT E. KEETON, TRIAL TACTICS AND METHODS § 4.15 (2d ed. 1973). To hold, nevertheless, that trial courts have the duty to act *sua sponte* whenever the defense does not move to strike would contradict Rule 103(a)(1). It would also have the deleterious effect of encouraging defense attorneys to refrain from making the appropriate motion whenever it seems unlikely the court will act on its own. Defense attorneys like to create safety nets so that they may win on appeal cases that might be lost at trial. For this reason, other courts of appeal have held that if "a condition attached to the admission of evidence is not satisfied by the offering party, the burden properly rests with the objecting party to renew the objection." *United States v. Dougherty,* 895 F.2d 399, 403 (7th Cir.1990), and cases there cited.

■ We are, in any event, satisfied that the court's failure, *sua sponte,* to strike the testimony about the ammunition and the clip did not affect, in the language of FED. R.CRIM.P. 52(a) & (b), Ruffin's "substantial rights." As both sides agreed in their closing arguments, the case turned on whether the jury believed Robinson. Defense counsel understood as much at the time the officers gave their testimony. His objection was *pro forma,* and he preceded it by telling the court that Ruffin's defense was "one of denial" and that he did not believe there "is a need to lodge an objection to this particular evidence." Nothing in what the officers recounted regarding the ammunition or the clip had any bearing on Robinson's credibility, or, for that matter, on Ruffin's. Neither was even asked about these items. Robinson's failure to give evidence on the subject not only rendered the items inadmissible in the district court's opinion, but also drained them of evidentiary significance in the prosecution's case.

■ Ruffin's other point deals with his sentencing. In calculating his criminal history category under the 1991 Sentencing Guidelines, the district court counted Ruffin's prior conviction for petit larceny as a "prior sentence of imprisonment." U.S.S.G. § 4A1.1(b) (Nov.1991). The Commentary to U.S.S.G. § 4A1.2(b) states that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. § 4A1.2(b) comment. (n. 2) (Nov.1991). For his prior offense, the Superior Court of the District of Columbia had ordered Ruffin "committed to the custody of the Attorney General ... for imprisonment for a period of (1) one year. Work release ordered. Hours: 6:00 AM thru 6:00 PM Monday thru Friday." (Under 18 U.S.C. § 4082(c)(2), the Attorney General may authorize a prisoner to "work at paid employment ... while continuing as a prisoner of the institution or facility to which he is committed....") The reference to "work release" in the Judgment and Commitment Order, according to Ruffin, demonstrates that he did not "actually serve[ ] a period of imprisonment." There is nothing to this argument, raised for the first time on appeal. *See United States v. Broxton,* 926 F.2d 1180, 1183 (D.C.Cir.), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). Ruffin was to be imprisoned on weekends and from 6:00 p.m. to 6:00 a.m. daily. His sentence "involve[d] a term of imprisonment," his work release was "part of the term of imprisonment," he "actually served a period of imprisonment," and the district court properly included Ruffin's prior sentence in calculating his criminal history category. *See also* United States Sentencing Commission, *Questions Most Frequently*

*Asked About the Sentencing Guidelines,* vol. V, question 6 (Mar. 1, 1992).

*Affirmed.*