Revised February 19, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40329

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

        v.

ANTHONY WAYNE BROOKS,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

January 27, 1999

Before KING, Chief Judge, STEWART, Circuit Judge, and LITTLE[*],
District Judge.

PER CURIAM:

    Defendant-appellant Anthony Brooks appeals the sentence

imposed after he pleaded guilty to distributing crack cocaine.

He argues, among other things, that a prior state sentence to

boot camp should not be considered a "term of imprisonment" for

purposes of calculating his criminal history score.  We affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

_____

    [*] Chief Judge F. A. Little, Jr., of the Western District of
Louisiana, sitting by designation.

Anthony Brooks was charged with conspiring to distribute and possess "cocaine base, also known as crack cocaine" and with possessing with intent to distribute and distributing "cocaine base, also known as crack cocaine." Brooks entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to the charge of "distribution of cocaine base, also known as crack cocaine." In exchange for Brooks's assistance the government agreed, inter alia, to stipulate that Brooks's base offense level should be 32 based upon a provable quantity of more than 50 grams but less than 150 grams of "crack cocaine."

At Brooks's plea hearing, Brooks waived the reading of the count to which he pleaded guilty. The prosecuting attorney then outlined the plea agreement for the court, explaining that Brooks had agreed to plead guilty to one charge of "distribution of crack cocaine," and that the United States and Brooks agreed that his base offense level should be 32 "based on the provable quantity of more than 50 but less than 150 grams of crack cocaine." Brooks then agreed, inter alia, that the prosecution had correctly stated the plea bargain, that he did not wish to comment on the plea bargain, and that he fully understood the charges against him. The trial court then proceeded to inform Brooks of the elements of the offense to which he pleaded guilty, including "that the substance was, in fact, crack cocaine." Brooks stated that he understood these elements. After further questioning by the court, the trial judge allowed the prosecution

2

to make a factual basis for the court to accept the plea. The prosecuting attorney asked Brooks if he had sold "a quantity of crack cocaine for $825?" Brooks answered in the affirmative. The court then accepted Brooks's plea.

Brooks made two objections to the presentence report (PSR) prepared for his sentencing. First, Brooks objected to the probation officer's findings regarding the quantity of crack cocaine used to determine his sentence. Second, Brooks argued that the probation officer incorrectly characterized a term spent in a state boot camp, in an alternative incarceration program, as a term of imprisonment for purposes of calculating his criminal history category. The district court overruled Brooks's objections at his sentencing hearing, adopted the findings in the PSR, and sentenced Brooks to the minimum sentence allowed under the sentencing guidelines, 108 months, to be followed by a four-year term of supervised release. Brooks timely appealed.

## II.  DISCUSSION

Brooks raises two issues on appeal. First, he contends that the district court erred in finding that he had possessed crack cocaine, as opposed to powdered cocaine, thereby subjecting him to the enhanced penalties for offenses involving crack cocaine. Second, he appeals the district court's rejection of his second objection to the PSR, namely, that his time spent in a state boot camp program should not be counted as a "term of imprisonment"

3

for purposes of calculating his criminal history category.  We
address these issues in turn.

1.  The Crack Cocaine Enhancement

Section 2D1.1 of the United States Sentencing Guidelines
(U.S.S.G.) dictates enhanced punishment for persons convicted of
crimes involving cocaine base, or crack cocaine, as opposed to
powder cocaine.  Brooks argues that the record does not support a
finding that he possessed crack cocaine, and that the trial court
therefore erred in applying § 2D1.1.

Brooks admits that he raises this issue for the first time
on appeal, and we therefore apply the plain-error standard of
review.  See United States v. Spires, 79 F.3d 464, 465 (5th Cir.
1996); United States v. Calverley, 37 F.3d 160, 162 (5th Cir.
1994) (en banc).  Under plain-error review, this court may
reverse only if:  (1) there was error (2) that was clear and
obvious and (3) that affected a defendant's substantial rights.
See Calverley, 37 F.3d at 162-64 (citing United States v. Olano,
507 U.S. 725, 730-36 (1993)). When these elements of plain error
are present, a court may exercise its discretion to correct the
error if it "'seriously affect[s] the fairness, integrity, or
public reputation of judicial proceedings.'"  Id. at 164 (quoting
Olano, 507 U.S. at 732).

We rejected an identical claim on plain-error review in
United States v. Brewster, 137 F.3d 853, 857 (5th Cir.), cert.
denied, 119 S. Ct. 247 (1998).  In that case, although the

4

defendant pleaded guilty to, and was sentenced for, possession with intent to distribute cocaine base, he argued that the record was insufficient to support a finding that the substance involved was crack cocaine. See id. We found that the district court did not plainly err in sentencing the defendant under the cocaine base guidelines, noting that the record was clear that the defendant was aware that he pleaded guilty to possessing crack cocaine, and that he understood that the enhanced crack cocaine guideline applied to his case. See id.

We similarly find that the district court in this case did not commit plain error by sentencing Brooks under the crack cocaine guidelines. As described above, the record indicates that Brooks clearly understood that he was charged with, and pleaded guilty to, distributing crack cocaine. At his plea hearing, Brooks heard the prosecuting attorney outline his plea agreement that indicated that he was pleading guilty to distributing crack cocaine, agreed with this characterization of the plea, informed the court that he understood the elements of the offense he wished to plead guilty to, including that "the substance was, in fact, crack cocaine," and answered affirmatively to the prosecutor's question as to whether he had sold crack cocaine. We have no trouble finding that the district court's decision to sentence Brooks under the cocaine base guidelines was not plain error on these facts. See id.

2. Boot Camp as a Term of Imprisonment

Brooks next argues that the district court incorrectly increased his criminal history score by two points because of a prior state sentence for delivery of a controlled substance. Brooks pleaded guilty in that case and was sentenced to serve a ten-year term in a "special alternative incarceration program (boot camp) followed by probation." The PSR indicated that Brooks was released from confinement after 170 days; Brooks argued in his objections to the PSR that he spent only 83 days in boot camp. Brooks argued to the district court, and argues now on appeal to this court, that his boot camp sentence should not be considered a "term of imprisonment" for purposes of calculating his criminal history score.

"Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside the applicable guideline range and was unreasonable." United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991). Legal conclusions of the district court are reviewed de novo, and findings of fact are reviewed for clear error. See United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993).

Under U.S.S.G. § 4A1.1(b), two points are added to a defendant's criminal history score for each prior sentence of imprisonment of at least 60 days which was not previously counted

under § 4A1.1(a).[1]  The term "sentence of imprisonment" is defined in the sentencing guidelines as "a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1).[2]

Brooks argues that his time in boot camp was merely a precondition of his term of probation and should not be considered a term of imprisonment for purposes of § 4A1.1.  He advances two central reasons in support of this interpretation; first, that the purpose of boot camp is rehabilitation, as opposed to punishment; and second, that Texas law treats boot camp as community corrections, not imprisonment.

We find Brooks's argument on this issue unconvincing, and hold that the district court did not err in finding that Brooks's

---

[1] Brooks argues, as he did in his objections to the PSR, that he only served 83 days in boot camp, not 170 days as reflected in the report.  Because the two-level increase applies to terms of imprisonment of at least 60 days but less than one year and one month, this factual discrepancy does not affect Brooks's criminal history score.  See U.S.S.G. § 4A1.1(a) (adding three points for each prior sentence of imprisonment exceeding one year and one month).

[2] Brooks was actually sentenced to ten years' confinement in the boot camp program.  Although "[f]or the purposes of applying § 4A1.1(a), (b), or (c), the length of sentence of imprisonment is the stated maximum," U.S.S.G. § 4A1.2 n.2, the government does not argue that § 4A1.1, which applies to sentences exceeding one year and one month, applies.  We note that under the Texas statute outlining the boot camp program, between 75 and 90 days after a defendant reports to boot camp, "the judge of the court that imposed the sentence may suspend further execution of the sentence imposed" provided the judge is of the opinion that "the person would not benefit from further imprisonment."  Tex. Code Crim. Proc. Ann. art. 42.12 Sec. 8 (West Supp. 1997).

7

boot camp term was properly a sentence of imprisonment for purposes of § 4A1.1. The Tenth Circuit reached a similar conclusion in United States v. Vanderlaan, 921 F.2d 257, 258-59 (10th Cir. 1990), in which it reasoned that a defendant's sentence under the Narcotic Addict Rehabilitation Act (NARA), pursuant to which he was committed to the custody of the Attorney General for enrollment in a drug rehabilitation program, was a "sentence of imprisonment" under the sentencing guidelines. In that case, as here, the defendant argued on appeal that because the purpose of his treatment program was "to provide treatment and rehabilitation for addicted offenders, not to punish them," his "treatment was fundamentally different from a sentence of imprisonment." Id. at 259. The Tenth Circuit rejected that argument, stating:

> We find that the defendant's sentence under Title II of NARA in 1973 was a "sentence of imprisonment" as that phrase is used in the guidelines. Section 4A1.2(b) of the guidelines defines a sentence of imprisonment as a "sentence of incarceration." This suggests that physical confinement is a key distinction between sentences of imprisonment and other types of sentences. The guidelines make no distinction between offenders incarcerated primarily for rehabilitation and those incarcerated simply to remove the offender from society.

Id. (footnote omitted). We agree with the Tenth Circuit's analysis of this issue. The commentary to U.S.S.G. § 4A1.1 explains that "confinement sentences" of over six months qualify for § 4A1.2(b) treatment, expressly distinguishing types of sentences not requiring twenty-four hours a day physical

8

confinement, such as "probation, fines, and residency in a halfway house."  Brooks was not free to leave the boot camp; his confinement there, therefore, falls into the former category of incarcerations eligible for § 4A1.1(b) treatment.  See id.; United States v. Ruffin, 40 F.3d 1296, 1299 (D.C. Cir. 1994) (stating that defendant's sentence of one-year work release, in which he was imprisoned on weekends and from 6:00 p.m. to 6:00 a.m. daily, was a "sentence of imprisonment" for purposes of § 4A1.1(b)); see also United States v. Schomburg, 929 F.2d 505, 507 (9th Cir. 1991) (finding that defendant's sentence of one-year weekend work project was a "sentence of imprisonment" for purposes of § 4A1.1(b), despite lack of custodial confinement, based on sheriff's discretion to alter sentence to include imprisonment).  In addition, this court has previously found that § 4A1.1(b) properly applies to increase a defendant's criminal history, even if the defendant's adjudication was deferred, where the defendant served 180 days in a work release program.  See United States v. Valdez-Valdez, 143 F.3d 196, 202 (5th Cir. 1998).  We therefore find that the district court did not err in characterizing Brooks's boot camp sentence as a "term of imprisonment" subject to § 4A1.1.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.