**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHAWN L. DIGHERA,

    Defendant-Appellant.

No. 98-3189
(D. Kan.)
(D.Ct. No. 97-CR-40072)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Shawn Dighera appeals his seventy-month sentence following his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty plea and conviction for possession of 340 grams of a substance containing a detectable quantity of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Dighera contends the district court incorrectly used his prior state sentence to six months in a conservation or "boot" camp, as a "sentence of imprisonment" under United States Sentencing Guidelines §§ 4A1.1 and 4A1.2 for the purpose of calculating his criminal history and sentence. Mr. Dighera suggests Kansas conservation camp programs are similar to community-based correctional programs, such as placement in a halfway house, and therefore, should be assessed at one, not two, criminal points for the purpose of calculating his criminal history and sentence. We affirm.

We begin by noting Mr. Dighera did not object to the calculation of his criminal history score prior to his appeal. Thus, we review the district court's interpretation of the Sentencing Guidelines in calculating his sentence for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Farnsworth,* 92 F.3d 1001, 1007 (10th Cir.), *cert. denied*, 519 U.S. 1034 (1996). Under U.S.S.G. § 4A1.1, the district court must add three points for each prior "sentence of imprisonment" exceeding one year and one month, two points for each prior "sentence of imprisonment" of at least sixty days, and only one point for each prior "sentence" not counted in the other two categories. U.S.S.G. § 4A1.1 (a) - (c). Under

-2-

U.S.S.G. § 4A1.2(b)(1), "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." In the Commentary to U.S.S.G. § 4A1.1, "confinement sentences" longer than one year and one month or more than sixty days, are distinguished from "all other sentences, such as confinement sentences of less than sixty days, probation, fines and residency in a halfway house." U.S.S.G. § 4A1.1, comment. (backg'd).

In this case, the district court interpreted the term "sentence of imprisonment" to include Mr. Dighera's six-month sentence to a state conservation camp and therefore added two criminal points to his criminal history score. In challenging the district court's interpretation, Mr. Dighera relies on statutory language, including Kan. Stat. Ann. § 21-4703(o), which states "nonimprisonment" means conservation camps or other community-based dispositions, and Kan. Stat. Ann. § 21-4603d(11) (repealed July 1, 1997), which states a "defendant shall not be sentenced to imprisonment, if space is available in the conservation camp." In further support of his contention that conservation camps involve community-based sentences instead of incarceration, Mr. Dighera notes that while he was incarcerated at the "Labette Boot Camp," he attended

classes at the Labette Community College[1] – making the camp more akin to a community-based program. We disagree.

We have previously distinguished sentences involving physical confinement, such as incarceration at a prison camp, from non-secured custody such as placement at a halfway house. *See United States v. Brownlee*, 970 F.2d 764, 765-66 & n.1 (10th Cir. 1992) (holding that incarceration in a federal prison camp is unlike placement in non-secure custody facilities, such as community corrections centers, community treatment centers and halfway houses, where there is no physical restraint). Similarly, in interpreting a "sentence of imprisonment" under U.S.S.G. §§ 4A1.1 and 4A1.2, we determined drug treatment under the Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251 - 4255 (repealed Nov. 1, 1984), constituted a "sentence of imprisonment" because it involved physical confinement during treatment in a facility or the federal penal system. *See United States v. Vanderlaan*, 921 F.2d 257, 259 (10th Cir. 1990) (noting that *physical confinement* is a key distinction between sentences of imprisonment and other types of sentences), *cert. denied*, 499 U.S. 954 (1991).

---

[1] While Mr. Dighera's counsel contends Mr. Dighera attended Washburn University in Topeka, Kansas, during boot camp, the record shows he attended the University after completing boot camp.

Having determined that physical confinement demonstrates a "sentence of imprisonment," we must look at whether Mr. Dighera's placement in the state conservation camp served as a "sentence of imprisonment" for the purposes of U.S.S.G. §§ 4A1.1 and 4A1.2. Although nothing in the record establishes whether Mr. Dighera was physically confined, we note that under Kansas law, the Labette Correctional Conservation Camp where Mr. Dighera was sentenced is considered a *minimum security* "boot camp" authorized under Kan. Stat. Ann. § 75-52,132. *See State v. Benoit*, 898 P.2d 653, 657 (Kan. Ct. App. 1995). Kansas case law further establishes that even though the Labette "boot camp" is operated as a private business, it is considered a state correctional facility governed by the Kansas administrative regulations for the Kansas Department of Corrections, its correctional officers are considered law enforcement officers, and its employees are ultimately accountable to the Kansas Secretary of Corrections. *Id.* at 660-61; *see also* Kan. Stat. Ann. § 75-52,127 (stating Kansas conservation camps shall be a state correctional institution or facility of *confinement* under the supervision of the Secretary of Corrections).

These factors clearly establish Mr. Dighera was physically confined in a secured correctional facility and, therefore, his sentence to the state boot camp constituted a "sentence of imprisonment" within the meaning of U.S.S.G.

§§ 4A1.1 and 4A1.2. *See United States v. Brooks*, 166 F.3d 723, 726-27 (5th Cir. 1999) (finding that because defendant was not free to leave state boot camp, his confinement fell into the category of incarceration eligible for § 4A1.1(b) treatment). While Kan Stat. Ann. § 21-4703(o) defines "nonimprisonment" as conservation camps or other community-based dispositions, we conclude that this definition is not dispositive in determining whether conservation camps are "sentences of inprisonment" for the purpose of federal Sentencing Guidelines. For these reasons, we conclude the district court correctly calculated Mr. Dighera's sentence by adding two criminal points for his incarceration in the boot camp.

In light of our decision that Mr. Dighera was physically confined in a secured boot camp, the fact he attended college classes is neither persuasive nor dispositive of the confinement issue. Moreover, the record does not clearly indicate whether Mr. Dighera left the camp to attend classes or whether he attended classes offered at the camp itself or through correspondence. In addition, while his ability to attend classes arguably indicates that his sentence was rehabilitative in nature, the purpose behind an incarceration is not a key factor in determining whether a sentence is a "sentence of imprisonment" under the sentencing guidelines. *Vanderlaan*, 921 F.2d at 259.

For these reasons, we **AFFIRM** Mr. Dighera's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge