In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3646

United States of America,

Plaintiff-Appellee,

v.

Michael Timbrook,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 00 CR 10060--Michael M. Mihm, Judge.

Argued April 8, 2002--Decided May 29, 2002


   Before Bauer, Easterbrook and Williams,
Circuit Judges.

   Bauer, Circuit Judge.  The sole issue
raised in this appeal is whether a
sentence of work release in a county jail
is a "sentence of imprisonment" as that
term is used in section 4A1.1(b) of the
United States Sentencing Guidelines.
Appellant Michael Timbrook was convicted
of one count of mail fraud and one count
of money laundering. At sentencing, the
district court imposed a two-point
enhancement pursuant to section 4A1.1(b)
of the Guidelines for a prior sentence of
imprisonment. As a result, Timbrook was
sentenced to 41 months imprisonment,
followed by three years supervised
release. He appeals this sentence and for
the following reasons, we affirm.

BACKGROUND

   On January 17, 2001, Michael Timbrook
was charged with 15 counts of mail fraud,
in violation of 18 U.S.C. sec. 1341, six
counts of money laundering, in violation
of 18 U.S.C. sec. 1956(a)(1)(A)(i), five
counts of money laundering, in violation
of 18 U.S.C. sec. 1957(a) and two counts
of bank fraud, in violation of 18 U.S.C.
sec. 1344. He subsequently pled guilty to
one count of mail fraud and one count of
money laundering.

   At Timbrook's sentencing, pursuant to
section 4A1.1(b) of the Sentencing

Guidelines, the probation officer recommended a two-point criminal history enhancement based on a 1989 conviction for which Timbrook was sentenced to four years probation, including six months of work release. Section 4A1.1(b) provides for a two-point enhancement for "each prior sentence of imprisonment of at least sixty days." Timbrook objected to the enhancement, arguing that section 4A1.1(b) does not apply because his 1989 sentence to work release did not constitute a "sentence of imprisonment" as that term is used in the Guidelines. Nevertheless, the district court accepted the probation officer's recommendation in favor of the enhancement, holding that Timbrook's 1989 sentence to work release was a "prior sentence of imprisonment." As a result, Timbrook was sentenced to 41 months imprisonment, followed by three years supervised release.

Judge Michael Mihm served as the district court judge in the instant case and was the sentencing judge in Timbrook's prior 1989 conviction as well. In granting the two- point enhancement for the prior sentence, Judge Mihm recalled that his intention in Timbrook's 1989 conviction was to impose the work release as a substitute for 24-hour confinement; however, Timbrook was to be locked up in the county jail when he was not at work. Judge Mihm also stated that in his mind, there is "a big difference between ordering someone into a work release setting as opposed to a treatment setting or halfway house." For these reasons, Judge Mihm determined that section 4A1.1(b) applies to Timbrook's case. Timbrook appeals this decision of thedistrict court.

DISCUSSION

Section 4A1.1(b) of the Guidelines provides that a defendant receives a two-point enhancement for a "prior sentence of imprisonment of at least sixty days." Under section 4A1.1(c), a prior sentence not involving imprisonment receives only one point. Timbrook's sole argument in this appeal is that the 1989 sentence to work release warrants only a one point enhancement, not two, because a sentence of work release in a county jail is not a sentence of imprisonment under section 4A1.1(b). We review the district court's interpretation of the Sentencing

Guidelines de novo. United States v. White, 222 F.3d 363, 372 (7th Cir. 2000).

The Guidelines shed little light on what defines "imprisonment." Section 4A1.2(b) only defines "sentence of imprisonment" as "a sentence of incarceration." Comment 2 provides that "to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. sec. 4A1.1(2), cmt. n.2. The comment also states that a sentence of probation falls within the scope of section 4A1.1(b) if a condition of the probation is imposed that requires imprisonment of at least 60 days. Id.

Using these comments as a guide, we hold that a sentence of work release in a county jail is a sentence of imprisonment for purposes of section 4A1.1. Although the 1989 sentence was probation, as a condition of the probation, the court imposed work release with incarceration in a county jail. Judge Mihm noted that his intention was that Timbrook would be locked up when he was not at work. Regardless of the work release provision, Timbrook was sentenced to a secure facility and, as such, the district court correctly held that Timbrook's 1989 sentence warrants a two-point enhancement.

Two other circuits tackled this issue under similar facts and arrived at the same conclusion. In United States v. Ruffin, 40 F.3d 1296 (D.C. Cir. 1994), the defendant had a prior conviction for which he was sentenced to "the custody of the Attorney General . . . for imprisonment for a period of (1) one year. Work release ordered. Hours: 6:00 AM thru 6:00 PM Monday thru Friday." The district court gave the defendant a two-point enhancement under section 4A1.1(b) because, despite the work release order, the defendant's prior sentence was a sentence of imprisonment. The D.C. Circuit affirmed stating, "[the defendant] was imprisoned from 6:00 p.m. to 6:00 am daily . . . his sentence involved a term of imprisonment [and] his work release was part of the term of imprisonment." Id. at 268. Likewise, in United States v. Brooks, 166 F.3d 723, 726 (5th Cir. 1999), the defendant was previously sentenced to boot camp. The Fifth Circuit held that this prior sentence was incarceration for purposes

of section 4A1.1(b) because the defendant was not free to leave.

In our case, Timbrook's work release order was only a part of his sentence of imprisonment. Although he was permitted to leave for purposes of his work, Timbrook was incarcerated for the remainder of the time. This amounts to imprisonment for purposes of section 4A1.1(b).

Timbrook maintains that a sentence of work release is not a "sentence of imprisonment" because it is analogous to a community treatment center or a halfway house, both of which are not deemed "imprisonment" under the Guidelines. Timbrook relies upon two cases, United States v. Latimer, 991 F.2d 1509 (9th Cir. 1993), and United States v. Pielago, 135 F.3d 703 (11th Cir. 1998), in support of his position. Both cases hold that confinement in a community treatment center is not "incarceration" within the meaning of the Guidelines provisions. A community confinement center or a halfway house is not a "secure jail facility" al most by definition. "Houses" and "Treatment Centers" are not supposed to be jails. Timbrook was not sentenced to a community treatment center or a halfway house, but to a secure jail facility. Judge Mihm properly highlighted this as a determining factor when he granted the two-point enhancement in the proceedings below. Even with the work release order, Timbrook's 1989 sentence is more akin to confinement in a conventional prison facility than a community treatment center or halfway house. Accordingly, section 4A1.1(b) applies and a two-point enhancement is appropriate.

CONCLUSION

For the foregoing reasons, we AFFIRM Timbrook's sentence.