**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4134**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETTE ANTWON BURRELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00240-HEH-1)

Submitted: November 24, 2008      Decided: December 16, 2008

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everette Antwon Burrell pled guilty to distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and was sentenced to 160 months' imprisonment. Burrell asserts two sentencing errors. First, he contends that the district court erred by finding that a Virginia court's sentence of boot camp for a 1993 drug conviction counted as a "prior sentence of imprisonment" under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(e) (2007), for purposes of determining whether Burrell qualified for a sentence enhancement as a career offender. Second, Burrell argues that his sentence is unreasonable because it is greater than necessary and does not serve the sentencing goals set forth in 18 U.S.C. § 3553(a) (2006). We affirm.

We review sentences for reasonableness, under an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This court may afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. Pauley, 511 F.3d at 473; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (upholding presumption of reasonableness of within-guidelines sentence). This presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors."

2

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted). In considering the district court's application of the guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

When determining a defendant's criminal history, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." USSG § 4A1.2(e)(1). A "sentence of imprisonment" is "a sentence of incarceration and refers to the maximum sentence imposed." USSG § 4A1.2(b)(1). A defendant qualifies as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offenses of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

Before a conviction is counted for career offender purposes, we consult the guidelines provision for computing criminal history. USSG § 4B1.2, comment. (n.3); United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002). As Burrell correctly notes, if his time in boot camp did not count as a "prior sentence of imprisonment," then he has only one crime of

3

violence or controlled substance offense for which he served a sentence longer than one year and one month in the last fifteen years, and should not have been sentenced as a career offender.

Though we have yet to address this specific issue, two other Courts of Appeals have held that "time served in a boot-camp style program counts as a form of imprisonment under the sentencing guidelines."  United States v. Gajdik, 292 F.3d 555, 558 (7th Cir. 2002) (internal quotation marks omitted); United States v. Brooks, 166 F.3d 723, 726 (5th Cir. 1999).  In Brooks, the Fifth Circuit noted that, under the commentary to USSG § 4A1.1, "confinement sentences of over six months qualify for § 4A1.2(b) treatment," but "types of sentences not requiring twenty-four hours a day physical confinement, such as probation, fines, and residency in a halfway house" were expressly distinguished.  Brooks, 166 F.3d at 727 (internal quotation marks omitted).  The court held that "physical confinement is a key distinction between sentences of imprisonment and other types of sentences.  The guidelines make no distinction between offenders incarcerated primarily for rehabilitation and those incarcerated simply to remove the offender from society."  Id. at 726-27 (internal quotation marks and citation omitted).  We find this rationale persuasive, and therefore conclude that the district court did not err in finding that Burrell's sentence to boot camp qualified as a "sentence of imprisonment" under

4

§ 4A1.2(b). Therefore, Burrell was properly sentenced as a career offender.

Burrell's second sentencing claim also fails. In determining an appropriate sentence, a district court "need not robotically tick through § 3553(a)'s every subsection," but should "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks and citation omitted). Here, the district court explained that it had considered both the § 3553(a) factors and the advisory guideline range. The court specifically noted that the promotion of respect for the law and the protection of the community were of paramount importance in this case. The court found the sentence appropriate when viewed in light of Burrell's repeated criminal convictions and continued disregard for the law. Accordingly, we find that the 160-month sentence, which is within the properly calculated advisory guidelines range, is reasonable. See Rita, 127 S. Ct. at 2462.

Because we reject Burrell's challenge to his sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED
