UNITED STATES of America,
Plaintiff—Appellee,

v.

Darrell Richard SMITH, Defendant—
Appellant.

No. 01–10344.
D.C. No. CR–97–00225–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 2002.

Decided July 12, 2002.

Before SNEED, HUG, and BERZON,
Circuit Judges.

MEMORANDUM *

Smith appeals from his second trial for
possession of a machine gun in 1997. Be-

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

cause the parties are familiar with the facts, we only repeat them as necessary to explain our reasoning. We reverse Smith's conviction and remand for retrial.

■ 1. Smith repeats to us an argument he made in his prior appeal: that 18 U.S.C. § 922(o)(1) exceeds Congress' power under the commerce clause and is therefore unconstitutional. We rejected Smith's argument in that appeal, citing our holding in a prior case, *United States v. Rambo*, 74 F.3d 948, 952 (9th Cir.1996), that " 'section 922(o) is a proper exercise of the authority granted to Congress under the Commerce Clause.'" *United States v. Smith*, 217 F.3d 746, 750 (9th Cir.2000) ("*Smith I*"). Smith now asks us to reconsider *Rambo* in light of *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), which held that parts of the Violence Against Women Act exceeded Congress' power under the commerce clause. But *Morrison* was decided before *Smith I*. *Smith I*'s holding is both the law of the Ninth Circuit and the law of this case, and therefore forecloses Smith's constitutional argument.

■ 2. In *Smith I*, we reversed Smith's first conviction because the district court did not instruct the jury as to Smith's defense theory. We quoted Smith's requested instruction in the prior appellate opinion:

'If you find ... [t]hat, prior to learning that the firearm shot automatically more than one shot, without manual loading, by a single function of the trigger, the defendant believed it was a semiautomatic firearm (i.e., a firearm which requires a function of the trigger for each shot) and, upon learning that the firearm shot automatically more than one shot, without manual reloading, by a single function of the trigger, promptly initiated action to have the firearm modified to a semiautomatic firearm, you shall find the defendant not guilty.'

*Smith I*, 217 F.3d at 751 (alterations in original).

Whether or not *Smith I* required that on remand the district court instruct the jury using the *exact* wording as quoted, *Smith I* did require an essentially similar instruction, one that incorporated the defense's mistake of fact theory. In the second trial, Smith proffered such an instruction, in all material respects the same as the one approved in *Smith I*. The judge allowed a defense instruction but not the one requested by defendant. In particular, the district court, at the prosecutor's request and over the defense's objection, inserted the word "reasonably" before "believed". By doing so, the district court once again refused to instruct on the defense theory approved in *Smith I*. Such refusal was in violation of the law of the case.

The government does not raise the issue of harmlessness as to this alleged error, so we do not consider it. *See United States v. Vallejo*, 237 F.3d 1008, 1026 (9th Cir. 2001) ("The Government does not argue that this error was harmless and thus waives that argument.").

■ 3. Smith also argues that constitutional due process required the judge to instruct the jury about the burden of proof in relation to Smith's defense theory. But the defense theory that Smith did not know his gun was a machine gun is not a distinct affirmative defense but rather the inverse of the knowledge element of the statute. There was no need to specify separately that the government must disprove this particular knowledge defense beyond a reasonable doubt, as the instructions already provided that the govern-

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ment must prove the criminal element of knowledge beyond a reasonable doubt.

 4. Finally, Smith argues that two points for criminal history were erroneously added in his sentencing calculation. The same argument was raised but not reached in Smith's prior appeal. We address it here for the district court's guidance.

Smith received two criminal history points under USSG § 4A1.1(e), which states in pertinent part, "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b)." Sections 4A1.1(a) and (b) specify prison sentences exceeding thirteen months and sixty days respectively. Smith was convicted on February 24, 1994 of conspiracy to commit home invasion and conspiracy to commit false imprisonment, and sentenced to one year imprisonment. On May 27, 1994, Smith was released on house arrest; the house arrest was terminated ten months later, on March 26, 1995. The judge added two criminal history points under § 4A1.1(e), presumably because the termination of house arrest was within two years of the alleged gun possession offense, which took place on February 7, 1997. But Smith had received "release[ ] from imprisonment" ten months prior. Home detention is not equivalent to imprisonment. *See, e.g., United States v. Phipps*, 68 F.3d 159, 162 (7th Cir.1995) ("Home detention differs from imprisonment throughout the Guidelines' schema. It is not imprisonment but is a substitute for imprisonment") (internal citations and quotation marks omitted).

The government defends the two-point enhancement by pointing out that §§ 4A1.1(a) and (b), to which § 4A1.1(c) refers, allot points for "sentence[s] of im-

prisonment." But § 4A1.1(c) clearly states "release from imprisonment" and we see no reason to read it otherwise.

REVERSED and REMANDED