United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60085
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN CHRISTOPHER GORDON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
---------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:

John Christopher Gordon appeals his conviction and sentence for being a felon in possession of a firearm. His appeal raises issues of ineffective assistance of counsel and whether the district court's application of U.S.S.G. § 4A1.1(b) was plain error. Because the record before us is insufficient, we decline to consider Gordon's ineffective-assistance claims. Because we find that the district court plainly erred in adding two points to Gordon's criminal history score under § 4A1.1(b), we vacate and remand the matter for further proceedings.

Gordon's presentence report calculated a criminal history score of ten. Two of the criminal history points were awarded

under § 4A1.1(b) based on a six-month house arrest sentence.[1] Gordon's criminal history score of ten, which placed him in criminal history category V, combined with his total offense level of 22 yielded a guideline imprisonment range of 77 to 96 months. The district court sentenced Gordon to 90 months in prison and three years' supervised release.

Gordon argues that his trial counsel was ineffective because he failed to object to FED. R. EVID. 404(b) evidence and failed to request a jury instruction limiting the jury's use of bad-act evidence. Gordon also argues that his trial counsel was ineffective for failing to subpoena David Wilson, a key witness, to testify in his defense. The Government argues that whether trial counsel was ineffective for failing to object to Rule 404(b) evidence may be decided by this court because trial counsel was effective and the statements complained of are not Rule 404(b) evidence or the court can dismiss the claim without prejudice to Gordon raising that claim in a 28 U.S.C. § 2255 motion. With regard to the claim that trial counsel was ineffective for not subpoenaing Wilson, the Government argues that the evidence is inadequate to establish whether Gordon told counsel about Wilson but also argues that trial counsel was not ineffective for not calling Wilson.

---

[1]Gordon's sentence resulting in his house arrest actually was five years' imprisonment, but that punishment was suspended for six months of "Intensive Supervision/House Arrest Program" and four and one-half years of probation.

As a general rule, we decline to review claims of ineffective assistance of counsel on direct appeal. <u>United States v. Gibson</u>, 55 F.3d 173, 179 (5th Cir. 1995). The Supreme Court recently has emphasized that a § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. <u>Massaro v. United States</u>, 123 S. Ct. 1690, 1692-94 (2003). The Court noted that "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." <u>Id.</u> at 1694.

In accordance with this principle, we have undertaken to resolve a claim of inadequate representation on direct appeal only in a case where the record is adequate to allow the court to consider the claim's merits. <u>United States v. Higdon</u>, 832 F.2d 312, 314 (5th Cir. 1987); <u>see also</u> <u>Massaro</u>, 123 S. Ct. at 1696. This is not the rare case in which a claim of ineffective representation can be resolved on direct appeal. The record has not been developed with regard to counsel's motivation for his trial tactics. Additionally, the record is not sufficient to determine why Wilson could not be located before trial. We thus adhere to our general rule and decline to consider these claims on direct appeal.

Gordon also argues that the district court erred in assessing two criminal history points for his house arrest. He

3

argues that house arrest is not a "sentence of imprisonment" for purposes of § 4A1.1(b).  He contends that without the erroneous two-point addition his criminal history score would have been nine points, making the guideline range 63 to 79[2] months rather than 77 to 96 months.

Although Gordon states that he objected to the assessment of the two criminal history points, in fact, no objection was made to the application of § 4A1.1(b).  We therefore review for plain error only.  See United States v. Olano, 507 U.S. 725, 731-32 (1993).  To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but we are not required to do so.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing Olano, 507 U.S. at 730-35).

Under § 4A1.1(b), two criminal history points are added "for each prior sentence of imprisonment of at least sixty days," but not exceeding 13 months.  § 4A1.1(b); see also § 4A1.1(a). Under § 4A1.1(c), one criminal history point is assigned for sentences not counted in § 4A1.1(a) or (b).  "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed."  § 4A1.2(b); see also § 4A1.1, comment.

---

[2] Actually, the guidelines provisions would have been 63 to 78 months.  U.S.S.G. Chap. 5, Part A.

n.2 (noting that term "sentence of imprisonment" used in § 4A1.1(b) was defined in § 4A1.2(b)). "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." § 4A1.2(b)(2).

Chapter 4, part A of the Guidelines does not mention home detention. The Guidelines do address home detention elsewhere. Section 5C1.1 allows the sentencing judge to substitute home detention for imprisonment for less serious crimes. § 5C1.1(c)(2) and (3). Additionally, under § 7B1.3(d), a sentencing court may require a recidivist to serve a period of "home detention . . . in addition to" the term of imprisonment. These provisions demonstrate that the Guidelines do not consider home detention and imprisonment to be the same.

Gordon cites decisions from the Sixth, Seventh, and Ninth Circuits in support of his proposition that home detention differs from "imprisonment" under § 4A1.1. The Sixth Circuit has held that, because home detention is a substitute for imprisonment, time spent in home detention is not a "sentence of imprisonment" for purposes of § 4A1.1(a). United States v. Jones, 107 F.3d 1147, 1165 (6th Cir. 1997). The Seventh Circuit has held that electronic home detention is not a form of "imprisonment" for purposes of § 5G1.3. United States v. Phipps, 68 F.3d 159, 162 (7th Cir. 1995); see also United States v. Compton, 82 F.3d 179, 184 (7th Cir. 1996). In United States v. Smith, 41 Fed. Appx. 134 (9th Cir. 2002)(unpublished), 2002 WL 1491880, at *2, the Ninth Circuit held

5

that house arrest was not equivalent to imprisonment for purposes of § 4A1.1(e), which provides for the addition of two points to the criminal history score for an offense committed less than two years after release from imprisonment counted under § 4A1.1(a) or (b).[3]

This Court has not addressed whether home detention is a "sentence of imprisonment" for purposes of § 4A1.1. In United States v. Brooks, 166 F.3d 723, 726 (5th Cir. 1999), we held that a "boot camp term was properly a sentence of imprisonment for purposes of § 4A1.1." The Government cites this case in support of its argument that the district court did not plainly err in awarding two points for Gordon's six-month term of house arrest. However, in Brooks, we quoted with approval reasoning from the Tenth Circuit discussing § 4A1.2(b)'s definition of a sentence of imprisonment as a sentence of incarceration and suggesting that "'physical confinement is a key distinction between sentences of imprisonment and other types of sentences.'" Id. at 726-27 (quoting United States v. Vanderlaan, 921 F.2d 257, 259 (10th Cir. 1990)).

The Government also cites United States v. Ruffin, 40 F.3d 1296, 1299 (D.C. Cir. 1994), in which the District of Columbia Circuit held that, for purposes of § 4A1.1(b), a defendant who was

---

[3]The Fourth Circuit, in an unpublished opinion, has cited Phipps with approval in a case that did not involve § 4A1.1(b) for the proposition that "imprisonment" in the Guidelines is used "to denote time in a penal institution." United States v. Simmons, 165 F.3d 22 (4th Cir. 1998) (unpublished), 1998 WL 738542, at *1 (internal quotation marks and citation omitted).

committed to the Attorney General's custody for one year with work release ordered for 12 hours per weekday was imprisoned. However, this case is distinguishable from one in which only home detention has been ordered since, although Ruffin was released from confinement for 12 hours per weekday, he was confined to prison 12 hours per weekday and on the weekends. <u>Ruffin</u>, 40 F.3d at 1299.

The Government also cites <u>United States v. Schomburg</u>, 929 F.2d 505, 507 (9th Cir. 1991), which involved a defendant who had been sentenced to 60 days in jail with the recommendation that the sentence be served in a weekend work project during which he was required to work seven hours each Saturday and Sunday under the supervision of the sheriff's office but was not held in custody. The Ninth Circuit held that, because the defendant's eligibility to participate in the weekend work project was determined by the sheriff, "the sentence, as pronounced by the court at the outset, was a sentence of imprisonment subject to alteration at the Sheriff's discretion." <u>Schomburg</u>, 929 F.2d at 507. Therefore, this decision also is distinguishable from the instant case in that there is no indication in the record that Gordon's sentence of house arrest involved any discretion by law enforcement.

The Government also cites three Texas deferred-adjudication cases: <u>United States v. Valdez-Valdez</u>, 143 F.3d 196, 202 (5th Cir. 1998), <u>United States v. Hatchett</u>, 923 F.2d 369, 376-77 (5th Cir. 1991), and <u>United States v. Giraldo-Lara</u>, 919 F.2d 19, 23 (5th Cir. 1990). Those cases are inapposite because a

7

particular guideline provision provides that a deferred adjudication is counted as a sentence under § 4A1.1(c). See § 4A1.1(f).

In sum, the Guidelines define a "sentence of imprisonment" as a "sentence of incarceration" and distinguish between "imprisonment" and "home detention." §§ 4A1.2(b), 5C1.1(c), 7B1.3(d). As Gordon points out, three circuits have held that home detention does not equal imprisonment for § 4A1.1 purposes, and none of the cases that the Government has cited indicates that we should hold otherwise. Moreover, in a U.S.S.G. § 2L1.2 case, we have cited with approval to Phipps, which held that home detention is not "imprisonment." United States v. Landeros-Arreola, 260 F.3d 407, 414 (5th Cir. 2001) (citing Phipps, 68 F.3d at 161, for the proposition that "imprisonment 'denote[s] time spent in a penal institution,' and Guidelines reference to imprisonment separate from home detention indicates that the 'Guidelines distinguish [between] the two'"). Thus, the district court's error in assessing two points under § 4A1.1(b) for Gordon's house-arrest sentence is plain error.

Gordon's substantial rights have been affected by his 90-month sentence. Absent the error, the guideline range would have been 63 to 78 months, instead of 77 to 96 months. Consequently, the district court committed plain error in assessing two points under § 4A1.1(b). We, therefore, VACATE and REMAND the matter for further proceedings.

8