United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-10520
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MARIA DE LA LUZ ZAPATA DE PENA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-00038-ALL-C
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Maria De La Luz Zapata De Pena argues on direct appeal that she received ineffective assistance of counsel during sentencing when counsel failed to secure a ruling on her motion for downward departure, depriving her of a possible ground for appeal. This court generally declines to review ineffective assistance of counsel claims on direct appeal. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). The court has "undertaken to resolve claims of inadequate representation on direct appeal only

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in rare cases where the record allowed [the court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).  Because Zapata De Pena's claims are based on a failure to secure a ruling on a motion and no record has been developed below, her case is not one of those rare exceptions.  See United States v. Valuck, 286 F.3d 221, 229 (5th Cir.), cert. denied, 537 U.S. 1000 (2002); United States v. Gordon, 346 F.3d 135, 136-37 (5th Cir. 2003).  Any ineffective assistance claim she may wish to bring may be brought in a 28 U.S.C. § 2255 motion.  The judgment of the district court is AFFIRMED.