United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02 - 21247
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES T. PARSONS, M.D.,

Defendant - Appellant

———————————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(H-02-CR-93-1)

———————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal we review Defendant - Appellant, James Parsons' (hereinafter, "Parsons"),

conviction for health care fraud and for aiding and abetting.  For the following reasons, we affirm

the district court's judgment.

—————————————————

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Parsons was indicted on twenty-three counts of health care fraud, including charges for aiding and abetting. The Government showed that Parsons submitted numerous Medicare and Medicaid claims for office visits that never occurred and for echocardiogram services that were never performed.

Prior to trial, Parsons submitted a motion in limine seeking to exclude materials from the Texas State Board of Medical Examiners (hereinafter, "the Medical Board") concerning prior regulatory violations committed by Parsons. In response to this motion, the Government promised not to introduce evidence relating to the Medical Board without first providing notice. At trial, the Government provided notice that it sought to introduce the Medical Board materials as evidence inherent to the instant fraud, scheme, or of other wrongs pursuant to FED. R. EVID. 404(b). Parsons restated his objection and an amended motion in limine was granted.

The Government proceeded to call twelve witnesses who testified that they had not received the medical treatment for which Parsons had billed Medicare or Medicaid. They testified that Parsons had obtained their social security numbers fraudulently by bringing baked goods to the assisted living facility in which they lived. Witnesses also testified that their signatures had been forged on Medicare forms.

Parsons' counsel then called several witnesses, including Jesse Odoms. Odoms testified that Parsons had treated her at the assisted living facility and at his office. She stated, however, that she did not have heart problems and she did not remember Parsons performing an echocardiogram on her. On cross-examination, the Government introduced evidence that Parsons

-2-

had billed Medicare for six echocardiograms allegedly performed on Odoms over a period of two years.

Finally, Parsons took the stand and testified that the Medicare bills were mistakes or accidents, blaming his office staff and the lack of organization at his office. The Government then sought to introduce the Medical Board materials to contradict Parsons' defense of mistake or accident. The district court allowed the Government to introduce the Medical Board materials in a limited manner. The Government introduced evidence that Parsons had been warned by the Medical Board in 1994 to adequately supervise his employees and that his files were substandard. During closing arguments, the Government again mentioned Parsons' dealing with the Medical Board in an attempt to discredit Parsons' defense of accident or mistake.

Before submitting the case to the jury, the Government asked to drop two counts from the indictment, and the district court agreed. The jury found Parsons guilty on all counts and the district court sentenced Parsons to 57 months' imprisonment and three years' supervised release. Parsons timely appealed.

II.

404(b) EVIDENCE

Parsons argues that the admission of evidence involving his prior dealings with the Medical Board was an abuse of discretion because the evidence was more prejudicial than probative. In reviewing the district court's evidentiary ruling, this court is highly deferential, reversing only when an abuse of discretion has prejudiced the defendant. *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003). We consider the probative value of the evidence, the Government's need for the evidence to show intent, and the district court's limiting instruction in

determining whether the district court abused its discretion. *Id.*

When Parsons raised the defense of mistake, he made evidence regarding his intent relevant. *See United States v. Tullos*, 868 F.2d 689, 697 (5th Cir. 1989). The evidence of Parsons' prior dealings with the Medical Board showed that Parsons knew that he had a duty to supervise his staff to make sure they were not violating the law. Evidence that Parsons was put on notice that he was accountable for the claims he filed was relevant to show the absence of mistake or accident.

The district court was careful not to equate the Medical Board regulatory violations with evidence of the crime charged. *See United States v. Christo*, 614 F.2d 486, 492 (5th Cir. 1980). The district court did so by not allowing the Government to introduce the Medical Board's findings of fact regarding its investigation. The district court also prohibited the Medical Board's report from being physically submitted into evidence. *See United States v. Riddle*, 103 F.3d 423 (5th Cir. 1997). In fact, there was no mention that a regulatory violation had occurred. The district court did not abuse its discretion by admitting this evidence. *See Tullos*, 868 F.2d at 697.

III.

INEFFECTIVE ASSISTANCE OF COUNSEL

Parsons also argues that his counsel was ineffective for calling Jesse Odoms as a witness because her testimony was cumulative and merely corroborated the Government's theory that Parsons billed Medicare for echocardiograms that were not performed.

We generally decline to review ineffective assistance of counsel claims on appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1987). The record is not sufficiently developed to ascertain counsel's true motivation for calling Odom as a witness. *United States v. Gordon*, 346

F.3d 135, 137 (5th Cir. 2003).  Thus, we decline to entertain the issue.

IV.

CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.