United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-51021
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL OMAR GARCIA-TEJEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-2052-1-DB
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Angel Omar Garcia-Tejeda appeals his convictions for
conspiracy to commit robbery and interference with commerce by
robbery and aiding and abetting.  Garcia-Tejeda was sentenced to
terms of imprisonment of 60 months and 135 months, the terms to
run concurrently.

Garcia-Tejeda argues that the district court abused its
discretion in dismissing a juror and replacing him with an
alternate juror during the trial.  The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the tardy juror so that the trial could proceed as scheduled. Avoiding further delays inconveniencing the court and the numerous individuals involved in the case was a sound reason for dismissing the juror. The district court did not abuse its discretion in dismissing the juror. United States v. Rodriquez, 573 F.2d 330, 332 (5th Cir. 1978).

Garcia also argues that the district court erred in failing to conduct a hearing on his post-trial request that new counsel be appointed to represent him at sentencing. He argues that he was denied the effective assistance of counsel during the proceedings.

Review of whether the district court erred in summarily denying Garcia-Tejeda's motion for new counsel would in effect result in this court determining counsel's effectiveness during the trial without the development of the record. The court has determined that such review is improper. See United States v. Gordon, 346 F.3d 135, 136-37 (5th Cir. 2003). If Garcia-Tejeda wishes to challenge the effectiveness of his trial counsel, he should present his claims in a 28 U.S.C. § 2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003).

It was not necessary for the district court to conduct a hearing on the motion because it had observed counsel during the trial and, thus, in denying the motion, it implicitly found that counsel's representation was effective and that there was no basis for appointing new counsel for sentencing. Further, if

there was any error in addressing the motion, it was harmless because Garcia-Tejeda has not shown that counsel committed any errors that prejudiced him at sentencing.  The district court's denial of the motion for appointment of new counsel was not an abuse of discretion.

Garcia-Tejeda's conviction is AFFIRMED.