# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

No. 09-41170

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JAMIE WESEVICH,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-543-5

Before KING, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jamie Wesevich pleaded guilty to being a felon in possession of eight firearms that had traveled in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). The presentence report ("PSR") incorrectly calculated Wesevich's criminal history score and category, and therefore incorrectly stated a guideline punishment range of 120 to 150 months imprisonment rather than a correct guidelines punishment range of 100 to 125 months imprisonment—both subject to a statutory maximum of ten years (120 months). The district court adopted the PSR and sentenced Wesevich to 120

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41170

months imprisonment and three years supervised release. Wesevich challenges his sentence based on an incorrect guidelines range for the first time on appeal. We affirm the district court.

## I

The details of Wesevich's crimes are not relevant to this appeal. Rather, both Wesevich and the Government agree that the PSR and the district court incorrectly calculated Wesevich's criminal history at eleven points rather than eight points, resulting in a criminal history category of V rather than IV. Specifically, the PSR counted, and the district court assessed, one criminal history point for an unlawful carrying of a firearm offense and two criminal history points for possession of less than two ounces of marijuana, both committed when he was seventeen years old. Wesevich committed and was convicted on both offenses in 1999, and sentenced in 1999 and 2003.[1] Because the convictions and confinement resulting from their sentences occurred more than five years before the instant offense, they should not have been included in calculating Wesevich's criminal history points. *See* USSG §§ 4A1.1(b), (c), & comment (n.2), 4A1.2(d)(2) & comment (n.7).

Wesevich's guideline punishment range was stated as 120 to 150 months incarceration rather than 100 to 125 months. Because the criminal activity to which Wesevich pleaded guilty was subject to a statutory maximum term of imprisonment of 120 months, the district court effectively calculated Wesevich's advisory guideline punishment range at 120 months rather than at effectively 100 to 120 months. Wesevich's counsel asked the court at sentencing for a downward departure to 84 months, which was denied when the district court

---

[1] Wesevich was sentenced to probation in 1999 on the marijuana conviction. On October 20, 2003, his probation was revoked and Wesevich was sentenced to 60 days in jail on both the weapon conviction and the marijuana conviction. The criminal activity to which Wesevich pleaded guilty in the instant case occurred on or about June 18, 2009.

No. 09-41170

sentenced Wesevich to 120 months imprisonment and three years supervised release.

## II

Because Wesevich did not object to his sentence on the grounds of an incorrect criminal history calculation before the district court, we review for plain error. *United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). We find plain error when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Id.* (quoting *United States v. Villegas*, 404 F.3d 355, 358–59 (5th Cir. 2005)) (internal quotation marks omitted). "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 709 n.4 (quoting *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009)) (internal quotation marks omitted).

The parties agree and we find that the district court's adoption of the PSR's erroneous criminal history score and sentencing range constituted an error that is clear and obvious under the guidelines, thereby satisfying the first two prongs for plain error review. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam); *United States v. Gordon*, 346 F.3d 135, 138–39 (5th Cir. 2003). Wesevich must still show, however, that his substantial rights have been affected by this erroneous calculation.

"In inquiring whether the defendant-appellant's substantial rights have been affected, the 'proper question here is whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence.'" *Jasso*, 587 F.3d at 713 (quoting *Villegas*, 404 F.3d at 364). Wesevich has failed to meet his burden. "[W]hen the calculated and correct sentencing ranges overlap, this court has 'shown considerable reluctance in finding a reasonable probability that the

3

district court would have settled on a lower sentence' when the defendant's sentence falls within both the correct and incorrect guidelines ranges." *United States v. Salas-Sanchez*, No. 09-41243, 2010 WL 4368771, at \*2 (5th Cir. Nov. 2, 2010) (per curiam) (quoting *United States v. Campo-Ramirez*, 379 F. App'x 405, 209 (5th Cir. 2010) (unpublished)).  The sentence imposed of 120 months falls within the correct advisory guidelines range of 100 months to, effectively, 120 months.

"Put simply, where the resulting sentence falls within both the correct and incorrect guidelines, we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *Blocker*, 612 F.3d at 416.  We have consistently refused to find plain error simply based on an incorrect guidelines range when the correct and incorrect ranges overlap and the sentence imposed falls within both sentencing ranges.[2] *See, e.g.*, *Salas-Sanchez*, No. 09-41243, 2010 WL 4368771, at \*2–3 (collecting cases with overlapping guidelines ranges, including cases involving only one-month overlap); *Campo-Ramirez*, 379 F. App'x at 408 (collecting cases with overlapping guidelines ranges and noting that *Price* stands alone); *see also United States v. Cruz-Meza*, 310 F. App'x 634, 636–37 (5th Cir.), *cert denied*, 130 S. Ct. 86 (2009) (finding that one-month overlap demonstrates "only a *possibility* of a lesser sentence but for the error, not the requisite *probability*").  In these cases, mathematics alone does not provide the requisite probability of a lesser sentence.

---

[2] In the first case on the issue of overlapping guideline ranges to be heard by this Court, *United States v. Price*, we vacated and remanded for resentencing where the defendant was sentenced to the minimum within incorrect guidelines range, defendant's sentence fell near top of correct range, and the difference between minimum sentences under the two ranges was eighteen months.   516 F.3d 285 (5th Cir. 2008).   While this case involves effectively a one-month overlap and a twenty-month gap between the minimum sentences of the two ranges, *Price* is distinguishable because the record here is clear that district court considered and rejected requests for a lesser sentence.

No. 09-41170

Nor are there any facts in the record of Wesevich's sentencing or anywhere else that indicate a reasonable probability rather than the mere possibility that the district court would have imposed a lesser sentence had it been aware of the proper advisory guidelines range.  The district court twice rejected arguments that Wesevich should be subject to a lower sentence, either in the form of a minor role reduction or as a downward variance from the advisory guidelines range.  Accordingly, Wesevich's substantial rights were not affected by this error.

### III

For the foregoing reasons, we affirm Wesevich's sentence.

AFFIRMED.