# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2013

Lyle W. Cayce
Clerk

No. 11-50390
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK VONN SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-296-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Derrick Vonn Smith of bank robbery and carrying a firearm during the commission of a crime of violence. Smith contends that his trial counsel was ineffective for failing to file a motion to suppress the fruits of his stop and arrest. While we ordinarily decline to consider the question of trial counsel's effectiveness on direct appeal, the record here is sufficient to determine the issue. *See United States v. Gordon*, 346 F.3d 135, 136 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to Smith, law enforcement lacked a particularized reasonable suspicion to stop him. A citizen who was in the Wells Fargo bank in Marquez, Texas, at the time it was robbed reported seeing "a green Firebird with a brown or tan sun roof" and a paper license plate turn east out of the bank parking lot onto Highway 79 right after the robbery. Police stopped Smith's car, a greenish-blue Firebird with a tan convertible top and temporary paper license plates, within 10 minutes of the robbery as the Firebird traveled east on Highway 79 away from the bank. The sheriff's deputy who initiated the stop described how, when he first turned his lights on, the Firebird pulled to the side of the road briefly, then pulled back onto the highway and passed another vehicle. The Firebird stopped after a second patrol car joined the pursuit. The totality of these circumstances provided law enforcement with reasonable suspicion that the driver of the Firebird had been involved in criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002); *United States v. Vickers*, 540 F.3d 356, 361 (5th Cir. 2008); *United States v. Hall*, 557 F.2d 1114, 1115-17 (5th Cir. 1977). Because there was reasonable suspicion for the stop, Smith's trial counsel was not ineffective for failing to move to suppress the fruits of the stop. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Next, Smith contends that the stop escalated to an arrest without probable cause when the officers drew their weapons and instructed him to lie down on the ground without investigating him first. While Smith asserts that this show of force was unnecessary, he was suspected of having robbed a bank at gunpoint shortly before the stop, and he initially refused to pull over. An investigatory stop does not become a de facto arrest merely because the officers draw their weapons and instruct the suspect to lie down. *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993). The officers' actions here were reasonable under the Fourth Amendment to protect their safety, reduce Smith's ability to fight or flee, and preserve the status quo. *See id.* at 207. Again here, Smith's attorney

was not ineffective for failing to file a motion to suppress the fruits of the stop. *See Strickland*, 466 U.S. at 687; *Clark*, 19 F.3d at 966.

Finally, Smith contends that the evidence was insufficient to prove beyond a reasonable doubt that he carried a firearm during the bank robbery. He relies on evidence that the firearm police recovered from a ditch adjacent to Highway 79 did not contain fingerprints, that the bank security footage did not show a firearm, and that no one in the bank other than the teller who was robbed saw him with a weapon.

The bank teller testified that Smith pointed a gun at her during the robbery. A volunteer firefighter who was following the Firebird down Highway 79 after hearing a report of the robbery testified that he saw the driver throw a pistol from the car window. The firefighter also testified that he located the firearm in a ditch soon after that. When this evidence, all reasonable inferences therefrom, and all credibility determinations are viewed in the light most favorable to the Government, the evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Smith carried a firearm during the bank robbery. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.