# Matter of Jorge V. CALVILLO GARCIA, Respondent

*Decided December 9, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A term of confinement in a substance abuse treatment facility imposed as a condition of probation pursuant to article 42.12, section 14(a) of the Texas Code of Criminal Procedure constitutes a "term of confinement" under section 101(a)(48)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(B) (2012), for purposes of determining if an offense is a crime of violence under section 101(a)(43)(F) of the Act.

FOR RESPONDENT: Kyle D. Brown, Esquire, McAllen, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Abe Burgess, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and GREER, Board Members; GELLER, Temporary Board Member.

GREER, Board Member:

In a decision dated March 11, 2015, an Immigration Judge found the respondent removable and ineligible for cancellation of removal for lawful permanent residents under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2012), and ordered him removed from the United States. The respondent has appealed from that decision. The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on September 18, 1997. On December 12, 2008, he was convicted of possession of marijuana in violation of section 481.121(b)(1) of the Texas Health and Safety Code. He was subsequently charged with aggravated assault in violation of section 22.02(a)(2) of the Texas Penal Code. On October 30, 2009, the criminal court deferred adjudication of guilt and sentenced the respondent to 5 years of community supervision pursuant to article 42.12 of the Texas Code of Criminal Procedure. As a condition of community supervision, the respondent was ordered to "serve an indeterminate term of confinement and

treatment of not more than one (1) year or less than 180 days in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009 Government Code, and obey all rules and regulations of the facility."[1]

After a trip abroad, the respondent applied for admission to the United States at a port of entry at Progreso, Texas, on January 22, 2015. The DHS subsequently placed him in removal proceedings and charged him with inadmissibility under sections 212(a)(2)(A)(i)(I) and (II) of the Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and (II) (2012), as an alien who was convicted of a crime involving moral turpitude and a controlled substance violation.

The respondent conceded that he is inadmissible under section 212(a)(2)(A)(i)(II) of the Act and does not challenge his removability on appeal. As relief from removal, he sought to apply for cancellation of removal under section 240A(a) of the Act. The Immigration Judge determined that the respondent was ineligible for this form of relief under section 240A(a)(3) because he had been convicted of an aggravated felony. Specifically, the Immigration Judge concluded that the respondent's aggravated assault is a "crime of violence" under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012), and that his sentence for this offense constitutes a "term of imprisonment" of at least 1 year, as defined by section 101(a)(48)(B).

## II. ISSUE

The issue in this case is whether a term of confinement in a substance abuse treatment facility imposed as a condition of probation constitutes a "term of confinement" under section 101(a)(48)(B) of the Act for purposes of determining whether an offense is a crime of violence under section 101(a)(43)(F).

## III. ANALYSIS

Reviewing this question of law de novo, we agree with the Immigration Judge that the respondent was convicted of an aggravated felony and is therefore ineligible for cancellation of removal under section 240A(a)(3) of the Act. 8 C.F.R. § 1003.1(d)(3)(ii) (2015). Section 101(a)(43)(F) defines

---

[1] We note that this order tracks the language of article 42.12, section 14(a) of the Texas Code of Criminal Procedure. Two provisions of article 42.12 are labeled section 14(a), but all references in this decision are to the provision relating to the Substance Abuse Felony Program.

an "aggravated felony," in part, as "a crime of violence (as defined in section 16 of title 18, United States Code . . . ) for which the term of imprisonment [is] at least one year." The respondent does not challenge the Immigration Judge's determination that his aggravated assault in violation of section 22.02(a)(2) of the Texas Penal Code is a categorical "crime of violence" under 18 U.S.C. §§ 16(a) and (b) (2006).

He also concedes that his deferred adjudication with community supervision satisfies the definition of a "conviction" under section 101(a)(48)(A) of the Act. *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009) ("Federal law counts Texas's deferred adjudication probation as a conviction."); *Matter of Punu*, 22 I&N Dec. 224, 228 (BIA 1998) (holding that a deferred adjudication under article 42.12, section 5(a) of the Texas Code of Criminal Procedure was a conviction for immigration purposes). Thus, the sole issue on appeal is whether the respondent's term of confinement in a substance abuse felony punishment facility ("SAFPF"), imposed as a condition of his probation, is a "term of imprisonment [of] at least one year" under section 101(a)(43)(F) of the Act.[2]

As a condition of the respondent's 5-year sentence to community supervision, he was required to serve "an indeterminate term of confinement" in a substance abuse treatment facility. The Immigration Judge recognized that "an indeterminate sentence is to be considered a sentence for the maximum term imposed," which in this case is 1 year. *Pichardo v. INS*, 104 F.3d 756, 759 (5th Cir. 1997); *see also Matter of S-S-*, 21 I&N Dec. 900, 903 (BIA 1997). Additionally, the Immigration Judge concluded that this term of confinement constitutes a "term of imprisonment" of at least 1 year within the meaning of sections 101(a)(43)(F) and (48)(B) of the Act.

To the extent that the respondent argues that time served in an SAFPF is not "imprisonment" because of the nature of the confinement, we disagree. A "term of imprisonment" is defined as a "period of incarceration *or confinement* ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." Section 101(a)(48)(B) of the Act (emphasis added). According to the United States Court of Appeals for the Third Circuit, "the statute's disjunctive phrasing . . . suggests that [C]ongress intended for

---

[2] Article 42.12, section 14(a) of the Texas Code of Criminal Procedure refers to this institution as a "substance abuse treatment facility" operated by the Texas Department of Criminal Justice under Texas Government Code section 493.009, which, in turn, refers to the institution as a "substance abuse felony punishment facility." For purposes of this decision, we will use these terms interchangeably.

'imprisonment' to cover more than just time spent in jail." *Ilchuk v. Att'y Gen. of U.S.*, 434 F.3d 618, 623 (3d Cir. 2006) (holding that house arrest with electronic monitoring was a "term of imprisonment" under section 101(a)(48)(B)).[3]

Under article 42.12, section 14(a) of Texas Code of Criminal Procedure, a judge may require as a condition of community supervision that the defendant "serve a term of confinement and treatment in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under section 493.009, Government Code." The respondent does not dispute that individuals subject to this requirement are not free to leave the facility. Indeed, section 493.009(a)(1) of the Texas Government Code directs the Texas Department of Criminal Justice to establish a program to "confine and treat" such defendants, and section 493.009(d) explains that a defendant's "release date" will be determined by a "qualified professional." Given that a person sentenced to serve a term in an SAFPF is not free to leave the facility absent that determination, we conclude that this sentence is a "period of . . . confinement" under section 101(a)(48)(B) of the Act.[4]

---

[3]  As the Third Circuit noted, courts have concluded that house arrest does not constitute a "sentence of imprisonment" for purposes of the United States Sentencing Guidelines. *Ilchuk v. Att'y Gen. of U.S.*, 434 F.3d at 623 n.4; *see also United States v. Gordon*, 346 F.3d 135, 137−39 (5th Cir. 2003). However, this distinction is based on the fact that the Sentencing Guidelines "define a 'sentence of imprisonment' as a 'sentence of incarceration' and distinguish between 'imprisonment' and 'home detention,'" implying that "home detention" is not a type of "imprisonment" but rather a different form of punishment. *United States v. Gordon*, 346 F.3d at 138. Under the Act, however, a "term of imprisonment" is defined more broadly than a "sentence of incarceration." Instead, a "term of imprisonment" includes both periods of incarceration *and* other forms of confinement. *See* section 101(a)(48)(B) of the Act. Regardless, this case involves a more restrictive form of confinement than a house arrest.

[4]  In the sentencing context, the Fifth Circuit and others courts have held that commitment to rehabilitation programs, including the SAFPF, constitutes "imprisonment." Specifically, the Fifth Circuit held in two unpublished cases that time served in an SAFPF constitutes a "sentence of imprisonment" for purposes of sections 4A1.1 and 4A1.2 of the Sentencing Guidelines. *United States v. Mendez*, 560 F. App'x 262, 264−65 (5th Cir. 2014); *United States v. Chavez*, 476 F. App'x 786, 789−90 (5th Cir. 2012). Additionally, a sentence to a term of confinement in an alternative incarceration program has been found to be a "sentence of imprisonment" under the Sentencing Guidelines. *See United States v. Brooks*, 166 F.3d 723, 726−27 (5th Cir. 1999) (holding that a 10-year term in a "special alternative incarceration program (boot camp)" constituted a "sentence of imprisonment"); *United States v. Vanderlaan*, 921 F.2d 257, 259−60 (10th Cir. 1990) (holding that a sentence under the Narcotic Addict Rehabilitation Act, pursuant to which the defendant was committed to the custody of the Attorney General for enrollment in a drug rehabilitation program, was a "sentence of imprisonment").

On appeal, the respondent primarily argues that the Immigration Judge erred in holding that his sentence to confinement and treatment in an SAFPF as a condition of his probation was a "term of imprisonment" because he was sentenced directly to probation. According to the Fifth Circuit, its precedent

> distinguishes between sentences of imprisonment that are imposed but then suspended, and sentences that are for probation in the first instance without any imprisonment contemplated. If the sentencing court orders imprisonment and then suspends it, the sentence counts under [section 101(a)(43)(F) of the Act] for determining if the term of imprisonment is at least one year in duration. Conversely, if the sentencing court orders probation directly, then that conviction does not count as a term of imprisonment or as an aggravated felony.

*United States v. Mondragon-Santiago*, 564 F.3d at 368 (citations omitted); *see also United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999) ("Thus, when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an 'aggravated felony.'"). However, it does not appear that the Fifth Circuit has considered the issue whether an alien who was sentenced to probation but ordered to serve a term of confinement as a condition of probation has been sentenced to a "term of imprisonment" under sections 101(a)(43)(F) and (48)(B) of the Act.

As did the Immigration Judge, we find persuasive the decision in *Hernandez v. Holder*, 760 F.3d 855 (8th Cir. 2014), where the Eighth Circuit held that a sentence imposed as a condition of probation constitutes a "term of imprisonment" under section 101(a)(48)(B) of the Act. In that case, the alien pled guilty to grand auto theft in California and was sentenced to 3 years' probation with the condition that he spend the first 365 days in county jail. *Id.* at 857. The court upheld our determination that he had been sentenced to a term of imprisonment of at least 1 year, stating that there is "nothing in the statutory text to indicate that Congress intended to exclude periods of incarceration ordered as a condition of probation from the definition of 'term of imprisonment.'" *Id.* at 860. Distinguishing *Mondragon-Santiago* and *Banda-Zamora*, the court noted that "Hernandez was sentenced to serve jail time as a condition of probation, while the offenders in [those cases] were originally sentenced to probation with no jail time at all." *Id.* (discussing *United States v. Mondragon-Santiago*, 564 F.3d at 359 (4 years' deferred adjudication probation with no jail time), and *United States v. Banda-Zamora*, 178 F.3d at 729 (10 years' probation with no jail time)).

The respondent relies on *United States v. Landeros-Arreola*, 260 F.3d 407 (5th Cir. 2001) for support of his position, but we find that case to be

distinguishable.  The alien there was originally convicted and sentenced to a term of 4 years' imprisonment.  Once he successfully completed Colorado's Regimented Inmate Training Program, however, his sentence was reduced from imprisonment to probation under a State law that automatically referred an offender who successfully completed such a program to the sentencing court to make a motion for a reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  *See* Colo. Rev. Stat. § 17-27.7-104 (1994); Colo. R. Crim. P. § 35(b) (permitting a court to reconsider a previously imposed sentence and to resentence the defendant to a lesser term within the statutory limits).  The Fifth Circuit held that the conviction was not for an aggravated felony because the sentence was not suspended but was, instead, reduced to probation, which is not a term of imprisonment, as required by section 101(a)(43)(F) of the Act.  *United States v. Landeros-Arreola*, 260 F.3d at 414 (noting that because the court "reduced the sentence imposed from one of imprisonment to one of probation . . . , nothing remained of the original term of imprisonment for the court to suspend").

By contrast, the respondent was sentenced to probation, and he was required to serve a term of confinement of not more than 1 year as a condition of his probation.  He has not shown that a Texas court reduced or modified his sentence to eliminate the condition requiring him to serve a term of confinement of not more than 1 year.  We therefore conclude that the respondent's probationary confinement in an SAFPF constitutes a "term of imprisonment" for purposes of sections 101(a)(43)(F) and (48)(B) of the Act.  Because he was convicted of an aggravated felony, he is ineligible for cancellation of removal under section 240A(a)(3) of the Act.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.