**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2713
_____

UNITED STATES OF AMERICA

v.

DAVID LYNN GRIFFITH,
Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No. 4:19-cr-00246-002)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 31, 2024
_____

Before:  CHAGARES, Chief Judge, PORTER and CHUNG, Circuit Judges

(Filed December 10, 2024)
_____

OPINION[1]
_____

CHUNG, Circuit Judge.

David Griffith challenges his final judgment of conviction for conspiracy to

---

[1]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

distribute methamphetamine and possession with the intent to distribute methamphetamine, the District Court's denial of his motions to suppress, and the District Court's calculation of his sentence. For the reasons presented below, we will affirm.

I.    BACKGROUND[2]

On February 21, 2019, David Lynn Griffith was the passenger in a car stopped by Pennsylvania State Police (PSP) Trooper Michael Tracy because the car displayed an expired inspection sticker. During the stop, Trooper Tracy searched Griffith for weapons and found methamphetamine on Griffith's person. Trooper Tracy also saw apparent methamphetamine in plain view through the open passenger side door of the car. PSP recovered additional items that were in plain view from the car; to wit, 37 needles, $578 in cash, and the key to a room at the Crystal Springs Motel. A search warrant was obtained by PSP for the motel room, and drug paraphernalia and drug packaging materials were recovered pursuant to the resulting search. PSP then obtained a search warrant for the car and found, among other items, drug paraphernalia and more methamphetamine.

The motor vehicle recording device (MVR) from Trooper Tracy's police vehicle recorded the stop. The MVR video was not preserved, however, to maintain the confidential identity of an informant who could be seen on the footage.

Griffith and another individual, David Bennett, were indicted for conspiracy to distribute controlled substances and possession with intent to distribute controlled

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.

substances.  After a jury trial on January 12, 2023, Griffith was found guilty on both counts.

II.    DISCUSSION[3]

Griffith brings seven issues on appeal.  We address each in turn.

A.    Motion to Suppress Physical Evidence Found in the Car

First, Griffith argues that the District Court erred in denying Griffith's motion to suppress evidence found in the warrantless, on-scene search of the car.  Specifically, Griffith contends that the plain view exception to the warrant requirement did not apply.  However, Griffith does not contest the District Court's finding that the warrantless search was lawful under the automobile exception.  We thus affirm the District Court's denial of Griffith's motion to suppress on the grounds that the automobile exception applies and we need not reach the issue of whether the search was lawful under the plain view exception.

B.    Motion to Suppress Physical Evidence found in the Motel Room

---

[3]    This district court had subject matter jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We review findings of fact related to the Sentencing Guidelines for clear error and review the District Court's interpretation of the Guidelines de novo.  United States v. Butch, 256 F.3d 171, 177 (3d Cir. 2001).  When assessing the sufficiency of the evidence supporting the verdict, we will uphold the verdict "if any rational juror could have found the challenged elements beyond a reasonable doubt."  United States v. Peppers, 302 F.3d 120, 125 (3d Cir. 2002).  We apply the clear error standard to review factual findings related to a motion to suppress, and review legal conclusions related to a motion to suppress de novo.  United States v. Tracey, 597 F.3d 140, 146 (3d Cir. 2010).  "We find clear error if, when reviewing the entire record, we are left with the definite and firm conviction that a mistake has been committed."  United States v. Caraballo, 88 F.4th 239, 244 (3d Cir. 2023) (internal quotations omitted).

Next, Griffith argues that the search warrant of the motel room was unsupported by probable cause and that, therefore, the District Court erred in denying his motion to suppress the drug-related evidence found therein. We have found adequate support to search an analogous location, a residence, when there is evidence: "(1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities." United States v. Burton, 288 F.3d 91, 104 (3d Cir. 2002). Whether supported by these three indicia, or other factors, the ultimate question is whether an affidavit in support of a search warrant application establishes probable cause to believe that the items sought will be found therein. Id. at 103.

The District Court found that all three factors were presented by the affidavit and we perceive no clear error in these findings. Griffith mainly challenges the District Court's finding as to the third factor and argues that there was no evidence of contraband in the motel linking him to his drug-dealing activities. In support of its finding, the District Court cited evidence that was found in the motel room. Appx. 156a. Evidence found in the motel room after the search warrant was authorized cannot be used to support probable cause for that same warrant. However, we conclude that this error was harmless, see United States v. Lewis, 802 F.3d 449, 454 (3d Cir. 2015) (defining harmless error as "[a]ny error, defect, irregularity, or variance that does not affect substantial rights" and explaining a harmless error "must be disregarded"), as the affidavit contained sufficient support to find probable cause that the motel room contained evidence of the drug-related materials sought, see Dist. Ct. Dkt. No. 76-4, at 1,

4

4 (identifying the crime for which evidence would be found as "possession with the intent to deliver a controlled substance" and identifying the items to be found as, among other things, drug paraphernalia). We will thus affirm as to this issue.

C.    Failure to Preserve the MVR Video

Griffith also argues that the District Court erred in denying suppression because his due process rights were violated when the PSP failed to preserve the MVR video. Griffith is somewhat unclear as to what particular evidence he seeks to suppress. We will assume that Griffith argues that evidence found in both the car and the motel room should have been suppressed. In order to establish that Griffith's due process rights were violated, Griffith must prove (1) the video was potentially exculpatory and (2) the PSP acted in bad faith in failing to preserve the video. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The District Court did not err in finding PSP did not act in bad faith. Trooper Tracy testified that the video was destroyed because it depicted a confidential informant.[4] Appx. 191a. Griffith argues that because the destruction of the video violated the PSP policy of retaining MVRs, destroying the MVR constituted bad faith. However, PSP policy also states that "video recordings may be inappropriate" where, as here, PSP must protect "the anonymity of an informant or other confidential source of information." Appx. 152a (citing Doc. 97-1 at 9). Furthermore, destroying evidence against policy is

---

[4]    Neither party disputes that the video was potentially exculpatory. Opening Br. at 18–22; Answering Br. at 35–38.

not dispositive on the question of bad faith. United States v. Deaner, 1 F.3d 192, 200 (3d Cir. 1993).

D.      Sufficiency of the Evidence

Griffith next challenges the sufficiency of evidence supporting the verdict for both the conspiracy and possession with intent to distribute charges. We apply a "particularly deferential standard" when determining if a jury verdict rests on sufficient evidence, because "a reviewing court must be ever vigilant ... not to usurp the role of the jury by weighing credibility and assigning weight to the evidence…." United States v. Boria, 592 F.3d 476, 480 (3d Cir. 2010) (internal citations and quotations omitted). "Therefore, we view the evidence in the light most favorable to the prosecution and sustain the verdict unless it is clear that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mercado, 610 F.3d 841, 845 (3d Cir. 2010). We conclude there was sufficient evidence for a rational jury to find Griffith guilty on both counts.

Griffith argues that he and Bennett only had a buyer-seller relationship, and that there was insufficient evidence to show they were co-conspirators. We conclude there was ample evidence from which a rational jury could find each of the elements of conspiracy: (1) "two or more persons agreed to distribute methamphetamine;" (2) Griffith "was a party to or a member of that agreement;" (3) and "Griffith joined the agreement or conspiracy knowing of its objective." Appx. 725a–26a; see United States v. Williams, 974 F.3d 320, 371–72 (3d Cir. 2020). For instance, the government offered evidence from Griffith's alleged co-conspirator, who testified that he and Griffith were partners

who shared profits and who pooled their money to purchase methamphetamine for future distribution to their respective buyers. Appx. 353a, 386a–88a. While Bennett also testified that Griffith and Bennett both used portions of the methamphetamine they jointly purchased, Appx. 388a, the jury was not required to credit this portion of Bennett's testimony evidence and, at the same time, ignore Bennett's other testimony that he and Griffith had a joint agreement to distribute.

With respect to the possession with intent to distribute charge, Griffith argues no rational jury could have found him guilty because he was addicted to methamphetamine. Specifically, Griffith contends he was charged with possession with intent to distribute based solely on the 62.5 grams of methamphetamine found in his car, and that quantity is consistent with his heavy use of the drug. There was sufficient evidence presented at trial such that a rational jury could have rejected this defense. First, as noted above, there was ample testimony from Griffith that he and Bennett had a joint venture to sell methamphetamine. Appx. 424a–26a, 448a, 464a–67a, 633a–34a. In addition, the jury heard evidence from two police officers that items recovered from the car and from Griffith's motel room were typically used in distributing drugs. Appx. 206a–10a, 233a–38a. Based on this and other trial evidence, a rational jury could find that Griffith intended to distribute the methamphetamine in his possession.

E.    Issues Related to Sentencing

Griffith next appeals the District Court's finding that his base offense level was 34. We review findings of fact related to the Sentencing Guidelines for clear error and

review the District Court's interpretation of the Guidelines de novo. United States v. Butch, 256 F.3d 171, 177 (3d Cir. 2001).

The District Court's calculation of Griffith's base offense level rested upon its factual finding that all of the methamphetamine attributable to the conspiracy was 99% pure. Appx. 784a–85a. The District Court reached this conclusion by reasoning that the quality of the 62.5 grams of methamphetamine found in Griffith's possession on February 21, 2019, stipulated at 99% pure, was representative of the overall quality. Appx. 784a–85a. We discern no clear error in this finding. There was evidence at trial that all of the methamphetamine in the conspiracy was from the same source in Ohio, and that the methamphetamine found in Griffith's car came from that source. Appx. 424a–26a, 448a, 464a–67a, 633a–34a. Griffith argues that Bennett's testimony that the methamphetamine was "trash" and that there was "no way" it was 99% pure renders the District Court's finding erroneous. Appx. 390a–91a. However, that brief excerpt from Bennett's testimony does not establish a firm conviction that the District Court committed a mistake in its factual finding. Caraballo, 88 F.4th at 244 ("We find clear error if, when reviewing the entire record, we are left with the definite and firm conviction that a mistake has been committed." (internal quotations omitted)).

Griffith further argues that the District Court wrongly denied him a two-level sentence reduction for acceptance of responsibility. "Whether a defendant has accepted responsibility is a factual matter and is reviewed under a clearly erroneous standard." United States v. DeLeon-Rodriguez, 70 F.3d 764, 767 (3d Cir. 1995) (internal quotations omitted). Griffith contends that because he never disputed that he used and sold

8

methamphetamine, he is eligible for the two-level reduction. The District Court

considered this argument and declined to apply the reduction because Griffith contested

at trial that he was a party to an agreement to distribute methamphetamine, an essential

element of Count I of the indictment. App. 786a. We have regularly affirmed District

Courts who have denied such reductions when the defendant makes the government meet

its burden of proof at trial and perceive no clear error. See, e.g., United States v. Boone,

279 F.3d 163, 194 (3d Cir. 2002); DeLeon–Rodriguez, 70 F.3d at 767.

We are not persuaded by Griffith's reliance on United States v. Rodriguez, 975

F.2d 999, 1009 (3d Cir. 1992). In that case, we noted that a defendant's decision to go to

trial is not dispositive on the question of his acceptance of responsibility. There, the

defendants did not want to plead guilty to certain counts to which they believed they had

viable defenses. The jury and the District Court ultimately accepted these defenses, but

the Court still concluded that the defendants, having gone to trial, were not entitled to the

two-point reduction. We remanded for the District Court to consider the specific reasons

the defendants did not plead guilty. Id. Here, neither the jury nor the District Court

credited Griffith's defense, though both fully considered it.

Finally, Griffith argues that the District Court incorrectly added three criminal

history points to Griffith's score due to his prior conviction for Corruption of Minors.

Appx. 788a. To qualify as a three-point conviction under the sentencing guidelines, a

defendant must have been sentenced on that conviction to a term of imprisonment

exceeding one year. Appx. 788a. Griffith argues that because he served his sentence on

house arrest and home confinement, his sentence does not qualify as a prior sentence of

9

imprisonment. We agree with the District Court that it did not need to decide here if house arrest counts as a sentence of imprisonment, because the sentencing order made clear that Griffith was sentenced to a term of imprisonment (despite immediately being paroled to house arrest). Appx. 788a.

In response, Griffith cites case law from the Sixth, Seventh, and Ninth Circuits to contend that time served in home detention is not a sentence of imprisonment. For various reasons, those cases are inapposite.[5] We therefore determine the District Court did not err when concluding that Griffith had a prior sentence of imprisonment warranting the addition of three criminal history points.

III.     CONCLUSION

For the reasons discussed above, we will affirm the District Court.

---

[5]     In some of the cases Griffith cites, the sentencing court never imposed a sentence of imprisonment, for example, because the defendant was sentenced to home detention from the outset. United States v. Jones, 107 F.3d 1147, 1161 (6th Cir. 1997); United States v. Phipps, 68 F.3d 159, 161 (7th Cir. 1995). The final case Griffith cites, an out-of-circuit non-precedential opinion, does not apply here because that case dealt with the meaning of "release" from, not a "sentence" of, imprisonment. United States v. Smith, 41 F. App'x 134, 136 (9th Cir. 2002).